Garrett Charity (Bar #285447)
Garrett.Charity@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff
Kevin Nguyen

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN NGUYEN,<br><br>     Plaintiff,<br><br>v.<br><br><br>MIDLAND CREDIT MANAGEMENT, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC<br><br>     Defendants. | Case No.: 8:21-cv-1214<br><br>**First Amended Complaint for Damages:**<br>  1. **Violation of Fair Credit Reporting Act**<br>  2. **Violation of Fair Debt Collection Practices Act**<br>  3. **Violation of California Rosenthal Fair Debt Collection Practices Act** |

Plaintiff, Kevin Nguyen, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.    INTRODUCTION

1.    This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.    PARTIES

2.    Plaintiff is, and was at all times hereinafter mentioned, a resident of the

1  County of Orange, California.

2      3.      At all times pertinent hereto, Plaintiff was a "consumer" as that term is

3  defined by 15 U.S.C. §1681(a)(c).

4      4.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5      5.      Plaintiff is an alleged "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6      6.      Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Midland") is

7  and at all times relevant hereto was, a lending institution regularly doing business in

8  the State of California.

9      7.      At all times pertinent hereto, Defendant Midland was a "person" as that

10  term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as

11  that term is described in 15 U.S.C. §1681s-2 *et seq.*

12     8.      Defendant, Midland, is a "person" as that term is defined in Cal. Civ. Code

13  § 1788.2(g).

14     9.      Defendant, Midland, was at all relevant times engaged in the business of

15  attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal.

16  Civ. Code § 1788.2(d).

17     10.     Defendant, Midland, is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

18  and Cal Civ. Code § 1788.2(c).

19     11.     Defendant, Equifax Information Services LLC ("Equifax"), is a credit

20  reporting agency, licensed to do business in California and has designated the

21  following registered statutory agent: THE PRENTICE-HALL CORPORATION

22  SYSTEM, INC (C0257078), 2710 Gateways Oaks Drive Suite 150N Sacramento, CA

23  95833.

24     12.     Defendant Equifax is, and at all times relevant hereto was, regularly doing

25  business in the State of California.

26     13.     Equifax is regularly engaged in the business of assembling, evaluating,

27  and disbursing information concerning consumers for the purpose of furnishing

28  consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

14.     Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

15.     At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f) and Cal. Civ. Code § 1788.2(g).

16.     Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California and has designated the following registered statutory agent: CT CORPORATION SYSTEM, 818 WEST SEVENTH ST., STE 930, ORANGE, CALIFORNIA 90017.

17.     Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

18.     Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

19.     Experian furnishes such consumer reports to third parties under contract for monetary compensation.

20.     At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f) and Cal. Civ. Code § 1788.2(g).

21.     Defendant, TransUnion LLC ("TransUnion") is a credit reporting agency, licensed to do business in California and has designated the following registered statutory agent: THE PRENTICE-HALL CORPORATION SYSTEM, INC. (C0257078), CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE (C1592199), 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO, CA 95833.

22.     Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of California.

23.     TransUnion is regularly engaged in the business of assembling,

1   evaluating, and disbursing information concerning consumers for the purpose of

2   furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

3       24.    TransUnion furnishes such consumer reports to third parties under

4   contract for monetary compensation.

5       25.    TransUnion, LLC is a consumer reporting agency, as defined by 15 U.S.C.

6   § 1681a(f), licensed to do business in California as a foreign corporation.

7       26.    At all times pertinent hereto, Defendant TransUnion was a "person" and

8   "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f)

9   and Cal. Civ. Code § 1788.2(g).

10             **III.        JURISDICTION AND VENUE**

11       27.    That the Court has jurisdiction over this action pursuant to 15 U.S.C. §

12   1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

13       28.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the

14   Plaintiff resides in and the injury occurred in Orange County, California and

15   Defendants do business in California.

16       29.    Personal jurisdiction exists over Defendants as Plaintiff resides in

17   California, Defendants have the necessary minimum contacts with the state of

18   California, and this suit arises out of specific conduct with Plaintiff in California.

19             **IV.        FACTUAL ALLEGATIONS**

20       30.    At relevant times, Plaintiff was allegedly obligated to pay a debt to an

21   original creditor, Citibank N.A. (the "Debt").

22       31.    The Debt arises from a transaction in which the money, property,

23   insurance, or services that are the subject of the transaction were incurred primarily for

24   personal, family, or household purposes.

25       32.    Midland allegedly acquired the Debt after it was allegedly in default.

26       33.    Midland uses instrumentalities of interstate commerce or the mails in a

27   business the principal purpose of which is the collection of any debts.

28       34.    Midland regularly collects or attempts to collect, directly or indirectly,

1   debts once owed or due, or once asserted to be owed or due, another.

2       35.     Plaintiff is a consumer who is the victim of inaccurate reporting by

3   Defendant Midland, Equifax, Experian, and TransUnion (collectively, "Defendants"),

4   and has suffered particularized and concrete harm.

5       36.     Equifax, Experian, and Transunion are the three largest consumer

6   reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

7       37.     The CRAs' primary business is the sale of consumer reports (commonly

8   referred to as "credit reports") to third parties and consumers.

9       38.     Equifax, Experian, and TransUnion have a duty, under the FCRA, to

10  follow reasonable procedures to ensure that the consumer reports they sell meet the

11  standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

12      39.     On and around November 22, 2019, Plaintiff entered into a settlement

13  agreement with Credit Control, LLC an authorized agent of Citibank, N.A. to resolve

14  his obligations for the very same Midland account #302860xxx (the "Account")

15  reporting on the Plaintiff's three consumer reports.

16      40.     On April 26, 2021, Plaintiff discovered Defendant Midland erroneously

17  reporting a balance inclusive of late fees and penalties and a collection status for the

18  Account on his Equifax, Experian, and TransUnion consumer reports.

19      41.     In spite of receiving the benefit of its bargain, Defendant Midland

20  continued, erroneously, to report a balance due and owing inclusive of late fees and

21  penalties, and a collection status, on the Account to Equifax, Experian and TransUnion,

22  all of which are CRAs and all of which reported a balance owed on the Account on

23  Plaintiff's consumer reports.

24      42.     The false information regarding the Account appearing on Plaintiff's

25  consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's

26  credit history and creditworthiness.

27      43.     The Plaintiff suffers monetary harm in being denied favorable credit.

28

**PLAINTIFF'S WRITTEN DISPUTE**

44.     On or about May 11, 2021, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

45.     On or about May 11, 2021, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

46.     On or about May 11, 2021, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

47.     Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's three (3) "Dispute Letters" to Defendant Midland.

48.     Upon information and belief, Midland received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

49.     Upon information and belief, Midland verified the erroneous information associated with the Account to Equifax, Experian, and TransUnion.

50.     Midland did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

51.     Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

52.     Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

53.     TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

54.     Upon information and belief, Midland failed to instruct Equifax, Experian and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

55.     Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

56.     At no point after receiving the Dispute Letters did Midland, Equifax, Experian and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

57.     Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by Midland, rather than grant credence to the information provided by Plaintiff.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

58.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59.     After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

60.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

61.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62.     Defendant Equifax 's conduct, action, and inaction were willful, rendering

1  Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C.

2  §1681n.

3      63.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to

4  recover damages under 15 U.S.C. §1681o.

5      64.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant

6  Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

7                           COUNT II – EQUIFAX

8        FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

9      65.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set

10  forth herein.

11     66.     After receiving the Equifax Dispute, Equifax failed to correct the false

12  information regarding the Account reporting on Plaintiff's Experian consumer report.

13     67.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate

14  information in Plaintiff's credit files after receiving actual notice of such inaccuracies,

15  by failing to conduct lawful reinvestigations, and by failing to maintain reasonable

16  procedures with which to filter and verify disputed information in Plaintiff's credit

17  files.

18     68.     As a result of this conduct, action and inaction of Defendant Equifax,

19  Plaintiff suffered damage, and continues to suffer, actual damages, including economic

20  loss, damage to reputation, emotional distress and interference with Plaintiff's normal

21  and usual activities for which Plaintiff seeks damages in an amount to be determined

22  by the trier of fact.

23     69.     Defendant Equifax 's conduct, action, and inaction were willful, rendering

24  Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

25     70.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to

26  recover damages under 15 U.S.C. §1681o.

27     71.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant

28  Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

72.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

73.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

74.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

75.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

78.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT IV – EXPERIAN**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)**

79.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

80.     After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

81.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

82.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

83.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

84.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

85.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

86.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

87.     After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

88.     Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

89.     As a result of this conduct, action and inaction of Defendant TransUnion,

1  Plaintiff suffered damage, and continues to suffer, actual damages, including economic

2  loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

3  and usual activities for which Plaintiff seeks damages in an amount to be determined

4  by the trier of fact.

5  90.  Defendant TransUnion's conduct, action, and inaction were willful,

6  rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to

7  15 U.S.C. §1681n.

8  91.  In the alternative, Defendant TransUnion was negligent, entitled Plaintiff

9  to recover damages under 15 U.S.C. §1681o.

10  92.  Plaintiff is entitled to recover costs and attorneys' fees from Defendant

11  TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

12  ### COUNT VI – TRANSUNION

13  ### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

14  93.  Plaintiff re-alleges and reaffirms the above paragraphs as though fully set

15  forth herein.

16  94.  After receiving the TransUnion Dispute, TransUnion failed to correct the

17  false information regarding the Account reporting on Plaintiff's consumer report.

18  95.  Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete

19  inaccurate information in Plaintiff's credit files after receiving actual notice of such

20  inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain

21  reasonable procedures with which to filter and verify disputed information in

22  Plaintiff's credit files.

23  96.  As a result of this conduct, action and inaction of Defendant TransUnion,

24  Plaintiff suffered damage, and continues to suffer, actual damages, including economic

25  loss, damage to reputation, emotional distress and interference with Plaintiff's normal

26  and usual activities for which Plaintiff seeks damages in an amount to be determined

27  by the trier of fact.

28  97.  Defendant TransUnion's conduct, action, and inaction were willful,

1    rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C.

2    §1681n.

3        98.    In the alternative, Defendant TransUnion was negligent, entitling Plaintiff

4    to recover damages under 15 U.S.C. §1681o.

5        99.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant

6    TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

7                          **COUNT VII – MIDLAND**

8            **Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)**

9        100.   Plaintiff re-alleges and reaffirms the above paragraphs as though fully set

10   forth herein.

11       101.   After receiving the Dispute Letters, Midland failed to correct the false

12   information regarding the Account reporting on Plaintiff's consumer report.

13       102.   Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly

14   investigate Plaintiff's disputes of Defendant Midland's representations; by failing to

15   review all relevant information regarding Plaintiff's disputes; by failing to accurately

16   respond to credit reporting agencies; by verifying false information; and by failing to

17   permanently and lawfully correct its own internal records to prevent the re-reporting

18   of Defendant Midland's representations to consumer credit reporting agencies, among

19   other unlawful conduct.

20       103.   As a result of this conduct, action, and inaction of Defendant Midland,

21   Plaintiff suffered damages, and continues to suffer, actual damages, including

22   economic loss, damage to reputation, emotional distress, and interference with

23   Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount

24   to be determined by the trier of fact.

25       104.   Defendant Midland's conduct, action, and inaction were willful, rendering

26   Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

27       105.   In the alternative, Defendant Midland was negligent, entitling Plaintiff to

28   recover damages under 15 U.S.C. §1681o.

1    106.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant

2    Midland pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

3

4                              **COUNT VIII – Midland**

5        **Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e**

6    107.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set

7    forth herein.

8    108.    Congress enacted the FDCPA to "eliminate abusive debt collection

9    practices, to ensure that debt collectors who abstain from such practices are not

10   competitively disadvantaged, and to promote consistent state action to protect

11   consumers." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 577

12   (2010) (citing 15 U.S.C. § 1692(e)).

13   109.    "The FDCPA is a strict liability statute to the extent it imposes liability

14   without proof of an intentional violation."  Allen ex rel. Martin v. LaSalle Bank, N.A.,

15   629 F.3d 364, 368 (3d Cir. 2011).

16   110.    "It is a remedial statute that we 'construe . . . broadly, so as to effect its

17   purpose.'" Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (quoting Brown

18   v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)).

19   111.    More broadly, the FDCPA was enacted in order to eliminate abusive debt

20   collection practices, which contribute to the number of personal bankruptcies, marital

21   instability, loss of employment, and invasions of privacy as well as insure that debt

22   collectors who refrain from using such practices are not competitively disadvantaged.

23   See, e.g., 15 U.S.C. § 1692(a), (e); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d

24   993, 996 (3d Cir.2011); Wilson, 225 F.3d at 354.

25   112.    "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from

26   the perspective of the least sophisticated debtor.'  This standard is less demanding than

27   one that inquires whether a particular debt collection communication would mislead

28   or deceive a reasonable debtor." Campuzano-Burgos v. Midland Credit Management,

1    Inc., 550 F.3d 294, 298 (3d Cir. 2008) (quoting Rosenau, 539 F.3d at 221); see also Clomon

2    v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-

3    sophisticated consumer' standard is to ensure that the FDCPA protects all consumers,

4    the gullible as well as the shrewd.").

5        113.    "The basic purpose of the least-sophisticated [debtor] standard is to ensure

6    that the FDCPA protects all consumers, the gullible as well as the shrewd.   This

7    standard is consistent with the norms that courts have traditionally applied in

8    consumer-protection law."   Caprio v. Healthcare Revenue Recovery Grp., LLC, 709

9    F.3d 142, 148-49 (3d Cir. 2013) (quoting Lesher, 650 F.3d at 997).

10       114.    The FDCPA creates a broad, flexible prohibition against the use of

11   misleading, deceptive, or false representations in the collection of debts.  See 15 U.S.C.

12   § 1692e; Hamilton v. United Healthcare of Louisiana, Inc., 310 F.3d 385, 392 (5th Cir.

13   2002) (citing legislative history reference to the FDCPA's general prohibitions which

14   "will enable the courts, where appropriate, to proscribe other improper conduct which

15   is not specifically addressed").

16       115.    Included as an example of conduct that violates section 1692e is the false

17   representation of the character, amount, or legal status of a debt.   15 U.S.C. §

18   1692e(2)(A).

19       116.    Thus, the plain-language of the FDCPA makes it clear that under the strict

20   liability framework, any false representation as to the amount of the debt is sufficient

21   to show a violation of the FDCPA.  See Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th

22   Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make

23   false claims, period."); see also Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995

24   (7th Cir. 2003) ("under § 1692e ignorance is no excuse"). 64. Under  the  same  general

25   prohibition of false, misleading, or deceptive debt collection practices, the FDCPA

26   prohibits a debt collector from "[c]ommunicating or threatening to communicate to any

27   person credit information which is known or which should be known to be false. . . ."

28   15 U.S.C. § 1692e(8).

117.   Midland violated 15 U.S.C. § 1692e(2)(a) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by reporting false information to the credit reporting agencies concerning the Debt, and by failing to correct the false information once disputed.

118.   Midland violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

### COUNT IX – Midland

### Rosenthal Fair Debt Collection Practices Act – Cal Civ. Code § 1788.17

119.   Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

120.   Midland violated the RFDCPA at Cal. Civ. Code § 1788.17 as a debt collector collecting or attempting to collect a consumer debt and failing to comply with the provisions of Sections § 1692e(2)(a) and § 1692e(8), inclusive, of, and shall be subject to the remedies in Section § 1692k of, Title 15 of the United States Code.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.   Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.   Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.   The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

1    D.   Any further legal and equitable relief as the court may deem just and proper in

2         the circumstances.

3

4    **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Midland for

5    noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined

6    by 15 U.S.C. § 1692 and demands:

7    A.   Adjudging that Midland violated 15 U.S.C. § 1692e;

8    B.   Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of

9         $1,000.00;

10   C.   Actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

11   D.   The costs of instituting this action together with reasonable attorneys' fees and

12        costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

13   E.   Any further legal and equitable relief as the court may deem just and proper in

14        the circumstances.

15

16   **WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Midland for

17   noncompliance of the Rosenthal Fair Debt Collection Practices Act and seeks remedies

18   as defined by Cal. Civ. Code § 1788.30 and demands:

19   A.   Adjudging that Midland violated Cal. Civ. Code § 1788.17;

20   B.   Statutory damages, pursuant to Cal. Civ. Code § 1788.30b, in the amount of

21        $1,000.00;

22   C.   Actual damages to be proven at trial, pursuant to Cal. Civ. Code § 1788.30a;

23   D.   The costs of instituting this action together with reasonable attorneys' fees and

24        costs incurred in this action pursuant to Cal. Civ. Code § 1788.30c;

25   E.   Any further legal and equitable relief as the court may deem just and proper in

26        the circumstances.

27

28

1    Respectfully submitted this 16th day of July, 2020.

2                                        MCCARTHY LAW, PLC

3                                        By: /s/ Garrett Charity

4                                        Garrett Charity, Esq.
                                         Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nguyen v. Midland et al.                   17                            COMPLAINT